**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | District Judge: |
| | ) | |
| vs. | ) | Magistrate Judge:   Iain D. Johnston |
| | ) | |
| DIVERSIFIED SHEET METAL, INC., | ) | Case No: |
| | ) | |
| Defendant. | ) ) ) ) | |

## <u>COMPLAINT</u>

Plaintiff, The Construction Industry Retirement Fund of Rockford, Illinois, by its attorneys, WilliamsMcCarthyLLP, brings this Complaint against Defendant, Diversified Sheet Metal, Inc.

### (Failure to Pay Contributions to the Fund)

1.      Jurisdiction in this cause is based upon §301 of the Labor-Management Relations Act ("LMRA"), as amended.  29 U.S.C. § 185(a).

2.      Jurisdiction in this cause is also based upon §502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended.  29 U.S.C. § 1132.

3.      Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) in this District because The Construction Industry Retirement Fund of Rockford, Illinois (referred to herein as the "Fund" or "plaintiff") is administered in Rockford, Illinois.

4. The Fund is a multi-employer benefits plans withing the meaning of ERISA. It is established and maintained pursuant to Agreements and Declarations of Trust in accordance with § 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Fund has standing to sue pursuant to 29 U.S.C. § 1132(d)(1) and 29 U.S.C. § 185(a).

5. Defendant is engaged in the construction industry and doing business within this geographic area, is an industry affecting interstate commerce, and is an employer within the meaning of § 3(5) of ERISA and § 301(a) of the LMRA.

6. Sheet Metal Workers International Association and its affiliate Local 1 North ("the Union") is a labor union which represents its members in negotiations and dealing with employers with respect to rates of pay, hours of work, and other conditions of employment.

7. On or about December 15, 1997, defendant entered into a Collective Bargaining Agreement with the Union, evidence of which is attached hereto as Exhibit A.

8. Under the terms of the Collective Bargaining Agreement, and subsequent Trust Agreements to which defendant is bound, defendant is required to make contributions on behalf of its employees covered by the Agreements for pension benefits, health and welfare benefits, apprentice, working dues and to submit monthly remittance reports in which it identifies the employees covered under the Agreements and the amount of contributions to be remitted to the Fund on behalf of each covered employee.

9. Under the terms of the Agreements, contributions to the Fund is due on the 15th day of the month following the month hours are worked and are considered delinquent after the 25th day of the month.

10.     Under the terms of the Agreements, any employer who fails to make the contributions by the 25th day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect the unpaid contributions.

11.     An employer who fails to pay contributions to the Fund sixty (60) days following the due date are considered delinquent and is required to pay interest at fifteen percent (15%) per annum (retroactive to the due date) and twenty percent (20%) in liquidated damages along with all legal fees and costs expended to collect this money.

12.     Under the terms of the Agreements to which defendant is bound, defendant is required to submit its books and records to the Fund on demand for an audit to determine benefit contribution compliance.

13.     Beginning on July 31, 2017, defendant has failed to report and/or pay contributions owed to the Fund is in violation of its contractual obligations and the obligations under State and Federal law.

14.     On February 19, 2019, the Fund assessed defendant a delinquent penalty as set forth on Exhibit B.

15.     As a direct and proximate result of defendant's failure to pay contributions, defendant's employees' retirement benefits are in jeopardy.

16.     Defendant's actions in failing to make timely reports and contributions violate § 515 of ERISA, 29 U.S.C. § 1145, and §301 of the LMRA.  29 U.S.C. § 185.

17.     Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), §301 of the LMRA, 29 U.S.C. § 185, and the terms of the Agreements, defendant is liable to the Fund for unpaid

contributions, as well as interest and liquidated damages on the unpaid and late contributions, reasonable attorney's fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, plaintiff respectfully requests that this Court enter a Judgment against defendant, Diversified Sheet Metal, Inc., as follows:

(a)    Entering judgment in a sum certain against defendant on any amount shown due and owing pursuant to Exhibit B, or otherwise, including unpaid contributions, liquidated damages, interest, audit costs and attorney's fees and costs;

(b)    Enjoining defendant from violating the terms of the Agreements;

(c)    Awarding plaintiff any further legal and equitable relief as the Court deems appropriate; and

(d)    Ordering defendant to remain current in payment of all contributions to the Fund.

> THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, Plaintiff,
>
> By:    WILLIAMSMCCARTHYLLP
>
>   /s/    Troy E. Haggestad
>
> WILLIAMSMcCARTHYLLP
> 120 West State Street, Suite 400
> P.O. Box 219
> Rockford, IL 61105-0219
> 815/987-8900
> thaggestad@wilmac.com

# CENTRAL ILLINOIS CHAPTER of SMACNA 

## BARGAINING AGENT AUTHORIZATION

The Central Illinois Chapter of SMACNA Inc., hereafter called the Association, and its designated representatives, are hereby authorized to act on behalf the undersigned Contractor as its exclusive bargaining agent in any labor negotiations with Sheet Metal Workers International Association and its affiliate Local 1 North, for a collective bargaining agreement or agreements governing the performance of sheet metal work within the area of Bureau, La Salle, Marshall, Putnam, and Stark Counties as served by the Association. This authorization is given in consideration of the agreement to conduct collective bargaining with the above named Union.

It is specifically agreed that the undersigned Contractor will be bound by any and all actions taken by the Association and its representatives concerning or arising out of these negotiations with the Union, that it will take any action required by the Association in support of its position in such negotiations, including any decisions concerning concerted action to be taken during negotiations, and that it will honor and abide by any contract which may be or has been negotiated as a result of such negotiations, and with respect hereto, the undersigned Contractor shall be considered, for all purposes, to be a party, just as if it had executed said contract in its own name.

The undersigned Contractor further agrees that it will not enter into any individual negotiations or any contract with the Union or its affiliated locals for an agreement covering this work, either orally or in writing, while this authorization remains in effect, without the prior written consent of the Association.

This authorization may only be revoked by written notice not more than one hundred eighty (180) but not less than one hundred fifty (150) days prior to the expiration of the applicable collective bargaining agreement, and such written notice must be actually received by the Association at least one hundred fifty (150) days prior to the expiration of such labor agreement. This authorization shall continue to be in effect in the absence of such notice. Upon the giving of proper notice to the Association, this authorization will terminate, unless continued by operation of law. Termination of this authorization does not relieve the undersigned contractor from its obligation to properly and timely advise the Union or any such entity of its withdrawal from multi-employer bargaining.

FITM Diversified Sheet Metal, Inc.                    DATE  12/10/97

ACCEPTED BY  Jeanne Eggers                    TITLE  President

CENTRAL ILLINOIS CHAPTER OF SMACNA INC.    DATE 12/15/97

RECEIVED BY  Vicki Bahr                    TITLE  EVP

Sheet Metal and Air Conditioning Contractors' National Association, Inc.

2001 Willow Knolls Road, Suite 209 • Peoria, IL 61614-1223          62          309/692-

EXHIBIT

A

ARTICLE XIII

SECTION I. This Agreement and Addenda Numbers ___One___ through ___Thirteen___ attached hereto shall become effective on the ___1st___ day of ___June___, 19 92 and remain in full force and effect until the ___31st___ day of ___May___, 19 97. and shall continue in force from year to year thereafter unless written notice of reopening is given not less than ninety (90) days prior to the expiration date. In the event such notice of reopening is served, this Agreement shall continue in force and effect until conferences relating thereto have been terminated by either party by written notice, provided, however, that, if this Agreement contains Article X. Section 8, it shall continue in full force and effect until modified by order of the National Joint Adjustment Board or until the procedures under Article X. Section 8 have been otherwise completed. **See #3 of Addenda**

SECTION 2. If, pursuant to federal or state law, any provision of this Agreement shall be found by a court of competent jurisdiction to be void or unenforceable, all of the other provisions of this Agreement shall remain in full force and effect. The parties agree to meet and negotiate a substitute provision. If negotiations are unsuccessful, the issue may be submitted for resolution by either party pursuant to Article X. Section 8 of this Agreement.

SECTION 3. Notwithstanding any other provision of this Article, or any other Article of this Agreement, whenever an amendment to the Standard Form of Union Agreement shall be adopted by the sponsoring national associations any party to this Agreement, upon the service of notice to all other parties hereto, shall have this Agreement reopened thirty (30) days thereafter, for the sole and only purpose of attempting to negotiate such amendment or amendments into this Agreement for the duration of the term hereof. There shall be no strike or lockout over this issue.

SECTION 4. Each employer hereby waives any right it may have to repudiate this Agreement during the term of the Agreement, or during the term of any extension, modification or amendment to this Agreement.

SECTION 5. By execution of the Agreement the Employer authorizes ___Illinois Valley Sheet Metal___
___Contractors Association Affiliated with the Illinois Valley Contractors Assoc___
(Name of Local Contractor Association)
to act as its collective bargaining representative for all matters relating to this agreement. The parties agree that the Employer will hereafter be a member of the multi-employer bargaining unit represented by said Association unless this authorization is withdrawn by written notice to the Association and the Union at least 150 days prior to the then current expiration date of the Agreement.

In witness whereof, the parties hereto affix their signatures and seal this ___1st___ day of ___June___, 19 92.

THIS STANDARD FORM OF UNION AGREEMENT HAS PROVIDED FOR THE INCLUSION OF PREAPPRENTICES AND A REDUCTION OF THE WAGE SCHEDULE FOR NEW APPRENTICES. THE PURPOSE OF THIS IS TO MAKE CONTRACTORS MORE COMPETITIVE WITH NONUNION COMPETITION. TO ACHIEVE THAT OBJECTIVE EMPLOYERS AGREE TO MINIMIZE MULTIPLE MARKUPS.

DIVERSIFIED SHEET METAL INC.
_____
(Specify Name of Association or Contractor)

By _Kimberly A. Marchand_
(Signature of Officer or Representative)

_Joanne Eggers_

Local Union No. ___ONE___
of Sheet Metal Workers' International Association

_David J. Hallowell_
(Signature of Officer or Representative)
David L. Hallowell,
Business Representative

8

13.   Anything herein contrary to law shall be void.

Signed this ___1st___ day of ___June___, 1992.


DIVERSIFIED SHEET METAL INC.          LOCAL UNION NO. 1 OF SHEET
                                      METAL WORKERS' INTERNATIONAL
                                      ASSOCIATION


BY _Kimberly A. Archaird_              BY _David L. Hallowell_
   _Joanne Eggers_                        Business Representative


- 14 -

CONSTRUCTION INDUSTRY FUND OF ROCKFORD
1322 EAST STATE STREET SUITE 300
ROCKFORD, IL 61104

815-399-0800

DIVERSIFIED SHEET METAL
402 N ILLINOIS ST
STREATOR, IL 61364

Page 1 of 1

2/19/2019

3888

Your payroll submission(s) for the following were delinquent. You have been assessed a delinquent penalty as follows:

| ACCT | FUND | PAY PERIOD | DEPOSIT DT | FUND AMT | % | PENALTY AMT | PD AMT | PD DT | WAIVE |
|------|------|-----------|-----------|----------|-----|-------------|--------|-------|-------|
| CIRSMN | CIPN | 07/31/2017 | 09/14/2018 | $2,222.38 | 10.00 | $222.24 | | | |
| CIRSMN | CIPN | 10/31/2017 | 09/14/2018 | $3,891.31 | 10.00 | $389.13 | | | |
| CIRSMN | CIPN | 01/31/2018 | 09/14/2018 | $3,678.56 | 10.00 | $367.86 | | | |
| CIRSMN | CIPN | 02/28/2018 | 06/19/2018 | $3,294.75 | 10.00 | $329.48 | | | |
| CIRSMN | CIPN | 03/31/2018 | 07/20/2018 | $1,973.69 | 10.00 | $197.37 | | | |
| CIRSMN | CIPN | 04/30/2018 | 08/03/2018 | $3,363.75 | 10.00 | $336.38 | | | |
| CIRSMN | CIPN | 05/31/2018 | 08/24/2018 | $3,355.13 | 10.00 | $335.51 | | | |
| CIRSMN | CIPN | 06/30/2018 | 09/21/2018 | $3,749.63 | 10.00 | $374.96 | | | |
| CIRSMN | CIPN | 07/31/2018 | 10/16/2018 | $4,954.50 | 10.00 | $495.45 | | | |
| CIRSMN | CIPN | 09/30/2018 | 11/20/2018 | $3,958.88 | 10.00 | $395.89 | | | |
| CIRSMN | CIPN | 10/31/2018 | 02/15/2019 | $4,866.75 | 10.00 | $486.68 | | | |
| | | | **Totals** | | | **$15,965.18** | **$12,034.23** | | |
| | | | **Total Due upon Receipt** | | | **$3,930.95** | | | |

Please remit penalty due under separate cover from any hours submissions. Please attach a copy of this letter with your remittance.
Thank you


EXHIBIT
B